No. 04-00-00562-CR



Julio Cesar JIMENEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 293rd Judicial District Court, Zavala County, Texas


Trial Court No. 97-06-02666-CR


Honorable Cynthia L. Muniz, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: December 13, 2000


DISMISSED FOR WANT OF JURISDICTION


 The appellant, Julio Cesar Jimenez, was indicted and tried by a jury for the offense of
murder. The jury assessed punishment at 40 years in prison. The trial judge sentenced Jimenez
accordingly on May 5, 2000. Jimenez then filed a pro se motion for new trial on June 2, 2000.
Because he filed a motion for new trial on that day, Jimenez's notice of appeal was due to be filed
by August 3, 2000. Tex. R. App. P. 26.2(a)(1). Motions for extension of time to file the notices of
appeal were due on August 18, 2000, but Jimenez did not file a motion for extension of time. Tex.
R. App. P. 26.3. Instead, Jimenez filed a notice of appeal in the trial court on August 18, 2000.

 Our initial review of the record in this appeal indicated that we did not have jurisdiction
because the notice of appeal was late, so we ordered Jimenez to show cause in writing why the
appeal should not be dismissed for lack of jurisdiction. In response, Jimenez's appellate attorney
filed a response stating that the district clerk's file contained a notice of appeal with two file-stamp
markings: one marking reflecting a filing date of August 2, 2000, and another reflecting a filing date
of August 18, 2000. The appellate attorney explained that although the August 2, 2000 mark
appeared to be incomplete, that marking would indicate that the notice of appeal was timely. The
attorney further explained that the August 18, 2000 mark appeared to be a complete file-stamp, but
that marking indicated the notice of appeal was untimely. The attorney concluded by stating that the
apparent untimeliness of the notice of appeal rested on the district clerk and asked that we not
dismiss the appeal for want of jurisdiction.

 The actual filing date of Jimenez's notice of appeal is determinative of jurisdiction in this
cause, so we ordered the district clerk to file a supplemental record containing a notice of appeal that
reflects the correct filing date. In response, the district clerk filed a supplemental clerk's record
containing a notice of appeal, file-stamped with the date of August 18, 2000. As a result, we
consider that date as the actual filing date for Jimenez's notice of appeal.

 To invoke this court's jurisdiction for an appeal from a criminal conviction, an appellant
must follow the requisites for the perfection of appeal. See Tex. R. App. P. 25.2. The rules of
appellate procedure require an appellant to perfect an appeal by filing a notice of appeal within thirty
days after the day sentence is imposed or suspended in open court. See id. R. 26.2. Jimenez,
however, did not file his notice of appeal until August 18, 2000, over two weeks after the deadline
for filing the notice of appeal. As a result, we have no jurisdiction over an appeal. Accordingly, we
dismiss this appeal for lack of jurisdiction.

 PER CURIAM 

DO NOT PUBLISH